KATE A. MAHOOD *v.* SARA N. MAYNARD

(No. 7613)

Submitted November 1, 1933.   Decided November 28, 1933.

*Hugh G. Woods, Charles D. Mahood* and *Alex M. Mahood,* for appellant.

*J. Frank Maynard, Jr.,* and *John R. Pendleton,* for appellee.

WOODS, JUDGE:

Kate A. Mahood, a creditor of J. F. Maynard, deceased, seeks by this suit to reach a portion of certain insurance money paid to the latter's wife. The chancellor, after considering the cause, found against plaintiff and dismissed her bill; hence, this appeal.

The bill alleges, among other things, that J. F. Maynard, who, in his lifetime, carried and kept in force large policies of insurance on his life, payable to his estate, represented and

promised plaintiff, as an inducement to the purchase of certain notes, and a loan of $8,000.00 that he would continue to carry such insurance, payable as aforesaid; that plaintiff, by virtue of such representations and promises, had many dealings with insured, and in October and November, 1927, respectively, accepted renewals of two notes formerly purchased from insured, as well as a renewal of a personal note for the $8,000.00 loan aforesaid, on the 31st day of December, 1927: that the insured, thereafter, to-wit, January 28th and 31, 1928, without any consideration therefor, effected' a change in beneficiaries in five policies of $5,000.00 each, to his wife, and in two policies of $10,000.00 each, to wife and children; that insured departed this life on February 6, 1928; and that a large sum is still due plaintiff by reason of the foregoing dealings with insured.

The answer while denying that the change in beneficiaries was made without consideration, admitted that insured had effected a change in beneficiaries in the policies in issue from his estate to his wife and children; that the amount of said policies was paid to the defendant after death of insured; and that said policies (exhibited therewith), at the time of change in beneficiaries, had a cash surrender value, the amount of which was unknown to the defendant.

Evidence was introduced to the effect that insured had made it known to those with whom he had business dealings that he carried from $75,000.00 to $100,000.00 insurance on his life, payable to his estate, when in fact at the time not more than $45,000.00 was payable to his estate. Plaintiff's attorney and agent testified that he was influenced by such statements in not requiring collateral upon renewal of the $8,000.00 note. The administration of the estate indicates that the liabilities are far in excess of the assets; that creditors of the estate will not recover more than 23%. The defendant made no attempt to prove that the change was made for a valuable consideration, although she, by reason of the marital relationship existing between herself and insured, bore the burden on such issue.

We are of opinion that the circumstances surrounding the change in the beneficiaries of the several policies referred to in this proceeding amounts to constructive fraud as against

the plaintiff. *Workman* v. *Continental Casualty Company,* (W. Va.) 175 S. E. 63.

But to just what extent is the transfer void as to the plaintiff? Is she entitled to go against the proceeds of the policies to the extent of her claim against the decedent? An insurance contract is different from the usual run of tangibles. The only pecuniary or property value that an insurance policy has before the death of the insured, is the value that the insurance company would have to pay the insured or his assigns on such policy in case the same was for any reason forfeited or surrendered. *Davis* v. *Cramer,* 133 Ark. 224, 202 S. W. 239. To like effect: *White* v. *Pacific Mut. Ins. Co.,* 150 Va. 849, 143 S. E. 340. In other words, the value of the policies in the instant case at time of change in beneficiaries would be measured by their "cash surrender value". The payment of the face of the policy is dependent upon a future contingency. So, since the effect of the representation made by the insured to the agent of Mrs. Mahood in so far as it related to the amount payable at insured's death, related to a future contingency (the death of insured with the debt unpaid and the insurance in effect) and not to a present fact, the effect of such representation was limited to the then value of the policies (their cash surrender value) and the necessarily implied undertaking to keep at least that value available in the policies during their life for the benefit of the lender. Such conclusion is in conformity with our holding in *Clay County Bank* v. *Wilson,* 109 W. Va. 684, 158 S. E. 517. In that case the creditors of an insolvent debtor, although seeking recovery of the entire proceeds of certain life insurance policies, were permitted to recover premiums in excess of a certain amount paid by the assured during the five years prior to his death.

The cause will be remanded for purpose of ascertaining the cash surrender value of the several policies and to make proper application thereof to plaintiff's claim against the deceased.

*Reversed and remanded.*